UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT VINCENT KING,
    Plaintiff,

vs.                                  Case No.: 3:23cv24762/LC/ZCB

ESCAMBIA COUNTY
CORRECTIONAL FACILITY,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff is incarcerated in the Escambia County Jail. He is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Presently before the Court is Plaintiff's amended complaint. (Doc. 11).

Because Plaintiff filed this action as an *in forma pauperis* prisoner, the Court is required to screen the amended complaint and dismiss any claims that are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief from an immune defendant. *See* 28 U.S.C. §§ 1915(e)(2), 1915A (setting forth the district court's screening responsibility); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007)

1

(recognizing that Congress has mandated "early judicial screening of prisoner complaints"). After reviewing the amended complaint, dismissal is warranted because Plaintiff has failed to state a plausible claim for relief.[1]

## I. Background[2]

Plaintiff names one Defendant in this § 1983 action, the Escambia County Correctional Facility. (Doc. 11 at 1-2). Plaintiff's complaint claims he suffers from chronic plaque psoriasis. (*Id*. at 5-6). Despite filing numerous grievances and requests, he says he has not been provided with proper medication for his condition. (*Id*.). The condition has overtaken his legs, back, feet, buttocks, hands, and fingernails. (*Id*.). Plaintiff claims that his right to "proper medical treatment" has been

---

[1] The Court previously provided Plaintiff an opportunity to amend after explaining to him deficiencies in his initial complaint. (Docs. 1, 10). *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a plaintiff typically "must be given at least one chance to amend the complaint before the district court dismisses the action"). Despite this opportunity, Plaintiff's amended complaint has not cured the pleading deficiencies that were previously identified.

[2] At this stage, the Court assumes the truth of Plaintiff's allegations.

2

violated. (*Id.* at 6). Through his lawsuit, he seeks "proper treatment" and monetary damages as relief. (*Id.*).

## II. Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched

3

as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III. Discussion

**A.    The Escambia County Correctional Facility is not subject to suit under § 1983.**

As previously noted, Plaintiff lists the Escambia County Corrections Facility as the sole Defendant. The capacity to be sued in federal court is governed by the law of the state in which the district court is located. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)).  Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers. *See* Fla. Const. Art. VIII, §§ 1(a) and (d).  Florida does not provide, either constitutionally or statutorily, for a county facility or jail as a legal entity separate from the county itself. For this reason, a county facility may not be sued under

4

§ 1983. *See Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1999) (indicating that a department which is an integral part of a local government's policing function is not an entity subject to suit under § 1983); *see also, e.g.*, *Heckman v. Hall*, No. 3:07cv268/MCR/MD, 2007 WL 2175919, at *3 (N.D. Fla. July 25, 2007) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office), *report and recommendation adopted by* 2007 WL 2428487 (N.D. Fla. Aug. 27, 2007).

The Court previously notified Plaintiff that he must name as Defendants only persons who are subject to suit under § 1983. (Doc. 10 at 5-6). And the Court told Plaintiff that municipalities, like counties, were "persons" to whom § 1983 applies. (*Id.* at 5 n.2). Nevertheless, Plaintiff has not named a suable legal entity as a Defendant. For this reason, his amended complaint should be dismissed for failure to state a claim, under §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**B.    Plaintiff has not stated the elements of a § 1983 claim.**

Another basis for dismissal of the amended complaint is Plaintiff's failure to state the elements of a § 1983 claim. In any section 1983 action,

5

the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

As with Plaintiff's initial complaint, his amended complaint does not satisfy the second element. He claims that he was deprived of his right to "proper medical treatment." (Doc. 11 at 7). But he does not assert that his right arose under federal law. Absent such allegation, he has not stated the elements of a § 1983 claim.

### C. Construed as a constitutional claim against Escambia County, Plaintiff has not stated a plausible claim for relief under § 1983.

Even if the Court liberally construed Plaintiff's amended complaint as naming Escambia County as a Defendant and as asserting a violation

of a federal right, Plaintiff's allegations do not state a plausible basis for holding Escambia County liable for the alleged violation under § 1983.

A civil rights plaintiff suing a municipality, such as a county, must identify a particular municipal "policy" or "custom" and show that the policy or custom caused the constitutional injury. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

The constitutional injury that Plaintiff apparently asserts here is a violation of his right to receive adequate medical treatment. For pretrial detainees such as Plaintiff, that constitutional right arises under the Fourteenth Amendment but is subject to the same deliberate indifference standard that applies to claims arising under the Eighth Amendment. *Christmas v. Nabors*, 76 F.4th 1320, 131 (11th Cir. 2023).

To prevail on a deliberate indifference claim, a plaintiff must satisfy two prongs—one objective, one subjective. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Satisfying the objective prong requires a plaintiff to show an "objectively serious medical need." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (cleaned up). A medical

7

need is objectively serious if it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention—that, if left unattended, poses a substantial risk of serious harm." *Id*. (cleaned up).

To satisfy the subjective prong, a plaintiff must prove that prison officials (1) had subjective knowledge of a risk of serious harm and (2) disregarded that risk (3) by conduct that was more than mere negligence. *Id*. The plaintiff's burden of establishing the objective and subjective prongs is "steep." *Id*.

To establish a county policy, a plaintiff must "identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Glech v. Clayton Cnty.*, 335 F.3d 1326, 1329-30 (11th Cir. 2003); *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1307 (11th Cir. 2001). "[A] municipality's failure to correct the constitutionally offensive actions of its employees can rise to the level of a custom or policy if the municipality tacitly authorizes these actions or displays deliberate indifference towards the misconduct." *Griffin*, 261 F.3d at 1307 (cleaned

8

up); *see also Hines v. Parker*, 725 F. App'x 801, 806 (11th Cir. 2018). Unless a policy itself is unconstitutional, the plaintiff must show "considerably more . . . than [a] single incident . . . to establish both the requisite fault on the part of the municipality and the causal connection between the policy and the constitutional deprivation." *City of Springfield v. Kibbe*, 480 U.S. 257, 270-71 (1987) (cleaned up).

Here, Plaintiff alleges he has not received proper medication for his skin condition. His factual allegations, however, do not permit a reasonable inference that a chief policymaker for Escambia County or the jail (1) was on notice of longstanding and widespread problems with the provision of medical treatment to inmates at the jail, or (2) had a policy or custom that was the driving force behind Plaintiff's not receiving proper treatment for his condition. For these reasons, Plaintiff has not stated a plausible claim for relief against Escambia County.

### IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's amended complaint (Doc. 11) be **DISMISSED** for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and

2. The Clerk of Court be directed to enter judgment accordingly and close the case.

At Pensacola, Florida, this 29th day of March 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.